FILED
DISTRICT OF NEBRASKA
AT_____M
JUL 13 1987
William L. Olson, Clerk
By_____Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DANIEL MEIS, | ) CV86-L-775 |
| Plaintiff, | ) |
| vs. | ) MEMORANDUM AND ORDER ON |
| | ) THE PARTIES' CROSS-MOTIONS |
| FRANK GUNTER, et al., | ) FOR SUMMARY JUDGMENT |
| Defendants. | ) |

   The plaintiff, Daniel Meis, alleges that the director of
the Nebraska Department of Correctional Services, Frank
Gunter, and other Department employees have violated his
civil rights by failing to comply with the provisions of the
Nebraska Administrative Procedure Act (APA) and by not
protecting his "right to notice" by providing him adequate
access to copies of the Administrative Regulations (ARs),
Operational Memoranda (OMs), and "Now Hear This" memoranda
(NHTs) promulgated by the Department and the penitentiary.
These allegations, contained in Count I of Meis's
"supplemental" complaint, filing 25, are before me on the
parties' cross-motions for summary judgment, filings 34 and
35.

   Count I appears to contain three separate claims and
apparently asserts that each alleged wrong violates four
constitutional protections -- substantive due process,
procedural due process, access to the courts, and equal
protection. Filing 25 at ¶ 17. The defendants' brief offers
a useful outline for framing the issues involved in these
motions for summary judgment. The first is whether the
defendants' failure to promulgate ARs, OMs, and NTHs pursuant
to the Nebraska APA violates any of Meis' federal
constitutional rights. The second, and related, issue is
whether by failing to permit Meis to seek judicial review
under the Nebraska APA of prison disciplinary hearings the
defendants have violated any of Meis' federal constitutional
rights. The final question is whether Meis has a
constitutionally-protected "right to notice" that has been
violated by the defendants' allegedly not providing him
adequate access to ARs, OMs, and NHTs.

                I.   PROMULGATION OF ARs, OMs, AND NHTs

   The plaintiff alleges that he "has a state-created liberty
interest in the procedures for promulgation of rules pursuant
to the [Nebraska] Administrative Procedures Act ...." Filing
25 at ¶ 14. Because the Department's ARs, OMs, and NHTs have
not been promulgated pursuant to the APA, he argues, his
federal due process rights have been violated. The
defendants respond that there is no federal constitutional
right affected by the failure of state officials to comply

-1-

with the Nebraska APA and that this court does not have jurisdiction to hear claims that state officials have

Rules and regulations of the Department must be issued pursuant to the Nebraska APA. Neb. Rev. Stat. § 83-4112(1) (Reissue 1981 & Cum. Supp. 1986). The ARs and OMs challenged by the plaintiff were not so issued. The plaintiff is correct that this court has jurisdiction to determine whether § 83-4,112(1) creates a liberty interest protected by the federal constitution. The plaintiff does not, however, convince me that this case differs in any material way from Rust v. Grammer, CV 85-L-443 (D.Neb. Apr. 4, 1987)(memorandum of decision), in which I held that a claim that state officials failed to follow the Nebraska APA "presents no federal constitutional question ...." Id., slip op. at 17.

The holding in Rust is consistent with the conclusion of the Eighth Circuit that a violation of a state APA, "a comprehensive procedural plan established by state law," is not a violation of federal due process rights but, rather, of state law. Harmon v. Auger, 768 F.2d 270, 275 (8th Cir. 1985). A constitutionally-protected liberty interest may be created by mandatory language in state statutes, Wolff v. McDonnell, 418 U.S. 539, 557-58 (1974), Hewitt v. Helms, 459 U.S. 460, 469 (1983), administrative regulations or official policy pronouncements, Dace v. Mickelson, 797 F.2d 574, 576 (8th Cir. 1986), vacated on other grounds, 816 F.2d 1277 (1987), Parker v. Corrothers, 750 F.2d 653, 659-61 (8th Cir. 1984). Such a liberty interest must, however, be a substantive right, not merely an entitlement to procedures. See Hewitt, 459 U.S. at 471, 472; Stow v. Cochran, Nos. 86-1741, 86-1945, slip op. at 6-7 (8th Cir. June 1, 1987). Cf. Cameron v. Mills, 645 F. Supp. 1119, 1121-22, 1124 (S.D. Iowa 1986)(substantive due process right in not being arbitrarily disciplined and denied reduction of sentence).

Because failure to comply with the Nebraska APA is not a federal constitutional violation, the defendants' alleged noncompliance at most amounts to a violation of state law. "[A] federal court cannot take pendent jurisdiction of a state law claim that officials failed to comply with a state APA." Rust, slip op. at 17. The eleventh amendment bars federal courts from assuming jurisdiction over claims that state officials violated state law. Pennhurst State School and Hospital v. Halderman, 465 U.S. 96, 98-106, 120 (1984). The plaintiff's reliance on Hillery v. Rushen, 720 F.2d 1132 (9th Cir. 1983), in arguing to the contrary is misplaced. Hillery, a pre-Pennhurst decision, illustrates an improper exercise of federal jurisdiction and does not discuss the eleventh amendment question. Meis has not established a violation of his due process rights and has failed to show how the defendants' conduct might violate the other constitutional provisions listed in his complaint. His claim that the defendants' have not complied with the Nebraska APA belongs in state court.

## II. JUDICIAL REVIEW OF PRISON DISCIPLINARY HEARINGS

The plaintiff alleges that he has a state-created liberty interest under the Nebraska APA to judicial review of administrative hearings held at the penitentiary. The APA, in relevant part, provides that "[a]ny person aggrieved by a final decision in a contested case ... is entitled to judicial review ...." Neb. Rev. Stat. § 84-917 (Cum. Supp. 1986). The defendants again respond that this claim does not present a federal constitutional question, noting that the Nebraska Supreme Court has held that inmates are not entitled to judicial review under § 84-917.

"Any person," as it appears in § 84-917, does not include inmates. The statute cannot, therefore, be the source of an arguable liberty interest for the plaintiff. In Reed v. Parratt, 207 Neb. 796, 798-99, 301 N.W.2d 343, 345 (1981), the Nebraska Supreme Court held that inmates do not have a right to judicial review of prison administrative proceedings under § 84-917 because their rights are governed by the specific provisions of §§ 83-4,109 to -4,123 (disciplinary procedures in adult institutions). The court reaffirmed the Reed holding in Moore v. Black, 220 Neb. 122, 368 N.W.2d 488 (1985), in which it held, under the facts before it, that an inmate could not obtain declaratory relief under the Nebraska APA and was limited to a proceeding in error as provided by state statute. Thus, because § 84-917 does not apply to the plaintiff, the due process inquiry ends here. The plaintiff has advanced no arguments under this claim concerning any of the other alleged constitutional violations.

### III. RIGHT TO NOTICE

Both sides tell me that there is no dispute of the facts regarding this issue, but neither has done the work required by our Local Rule 20D, which provides:

> "The moving party shall set forth in the brief in support of the motion for summary judgment a separate statement of each material fact as to which the moving party contends there is no genuine issue to be tried and as to each shall identify the specific document or portion thereof or discovery response or deposition testimony (by page and line) which it is claimed establishes the fact. The party opposing a motion for summary judgment shall set forth in its opposing brief a separate statement of each material fact as to which it is contended there exists a genuine issue to be tried and as to each shall identify the specific document or portion thereof or discovery response or deposition testimony (by page and line) which it is claimed establishes the existence of such issue. ..."

-3-

If indeed there is no genuine issue of fact on this issue, the parties should be able to prepare for me a stipulation of all the facts necessary for me to decide the issue. I shall give them time to do that.

Additionally, there is almost no explication of the matter of standing of the plaintiff in the parties' briefs. A brief reference to the issue is made in the defendants' brief, but there is no discussion of it and no response to it by the plaintiff. I shall give to the parties time to provide help on that issue.

IT IS ORDERED that:

(1) the defendants' motion for summary judgment, filing 35, is granted on the issue of whether the defendants' failure to promulgate ARs, OMs, and NHTs pursuant to the Nebraska APA violates any of Meis' federal constitutional rights;

(2) the defendants' motion for summary judgment, filing 35, is granted as to the issue of whether by failing to permit Meis to seek judicial review under the Nebraska APA of prison disciplinary hearings the defendants have violated any of Meis' federal constitutional rights;

(3) the plaintiff's motion for summary judgment, filing 34, is denied as to the issues set out in paragraphs 1 and 2 of this order;

(4) the parties are given 15 days from the date of this order in which to submit to the court a stipulation of the undisputed facts sufficient to resolve the issue of whether the defendants have violated any constitutionally protected "right to notice" by not providing the plaintiff adequate access to ARs, OMs and NHTs and then the issue of whether the plaintiff has standing with respect to all the ARs, OMs, and NHTs to raise this issue, in the absence of which the motions for summary judgment will be denied on the right-to-notice issue; and

(5) the parties are given 15 days from the date of this order to submit briefs on the issue of the standing of the plaintiff regarding the issue set out in paragraph numbered 4 of this order.

Dated July 13, 1987.

BY THE COURT

United States District Judge

-4-