IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STAN DAVIS, and RICHARD RAYES, | ) ) ) | 4:88CV462 |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | **MEMORANDUM AND ORDER ON PENDING MOTIONS** |
| FRANK O. GUNTER, Director of the Department of Correctional Services, et al., | ) ) ) ) | |
| Defendants. | ) | |

This matter[1] is before the court on Defendants' Motion to Terminate Consent Decree and Dismiss Case. (Filing No. 31.) Also pending are Plaintiff Richard Rayes' ("Plaintiff") Motion for Temporary Restraining Order (filing no. 26) and Motion for Discovery (filing no. 27). As set forth below, these pending Motions are denied.

### *BACKGROUND*

Richard Rayes, along with one other individual, filed his Complaint in this matter on August 17, 1988. (Filing No. 1.) Summarized and condensed, Rayes' Complaint sought relief for violations of the First and Fourteenth Amendments relating to the Nebraska State Penitentiary's ("NSP") restriction on receiving postage stamps through the mail. (*Id.*) The parties reached a Settlement Agreement on June 23, 1989, which provided that: (1) the defendants would remove the prohibition against incoming postage stamps; (2) an inmate's possession of postage stamps would be limited to 40; (3) an inmate's possession of more than 40 postage stamps would be treated as possessing "contraband"; and (4) inmates would not be permitted to buy

---

[1]The case number in this matter at the time of filing was CV88-L-462. It has been re-designated as Case No. 4:88CV462.

a single stamp on credit unless indigent. (Filing No. 23.) I dismissed this matter on July 3, 1989, stating that its dismissal was pursuant to the joint motion of the parties in light of the Settlement Agreement. (Filing No. 24.) No further action occurred in this matter until the filing of Rayes' pending motions on August 4, 2010. (*See* Docket Sheet.)

On August 4, 2010, Richard Rayes filed his Motion for Temporary Restraining Order (filing no. 26) and Motion for Discovery (filing no. 27). Because of the age of this matter, and because of the changes in the law over the last 20 years, on November 22, 2010, I ordered Defendants to file a response. (Filing No. 30.) The defendants thereafter filed the pending Motions to Terminate Consent Decree and Dismiss Case (filing no. 31) and also filed a Response to Plaintiff's Request for Temporary Restraining Order (filing no. 35) and an Objection to Motion for Discovery (filing no. 34).

### *ANALYSIS*

### I.  *Defendants' Motions to Terminate Consent Decree and Dismiss Case*

As set forth above, the pending Motions relate to the Settlement Agreement signed by the parties on June 23, 1989, prior to the enactment of the Prison Litigation Reform Act (the "PLRA"). The PLRA "outlines appropriate remedies in civil litigation regarding prison conditions." *Hines v. Anderson*, 547 F.3d 915, 917 (8th Cir. 2008) (citing 18 U.S.C. § 3626). As summarized in *Hines*:

> Section 3626(b) of the PLRA addresses the termination of relief and applies retroactively to prospective relief that was entered before the statute's enactment. § 3626(b)(1)(A)(iii). It also allows for the immediate termination of prospective relief "in the absence of a finding by the court that the relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least

> intrusive means necessary to correct the violation." § 3626(b)(2). The district court cannot terminate the prospective relief, however, if it makes such findings. § 3626(b)(3).

*Id.* However, regarding settlement agreements, the PLRA states:

> (c) Settlements.--
>
> (1) Consent decrees.--In any civil action with respect to prison conditions, the court shall not enter or approve a consent decree unless it complies with the limitations on relief set forth in subsection (a).
>
> (2) Private settlement agreements.--(A) Nothing in this section shall preclude parties from entering into a private settlement agreement that does not comply with the limitations on relief set forth in subsection (a), if the terms of that agreement are not subject to court enforcement other than the reinstatement of the civil proceeding that the agreement settled.

18 U.S.C. § 3626(c).

The Eighth Circuit has discussed the difference between a "consent decree" and a "settlement agreement" under this section of the PLRA, finding:

> [T]he Second Circuit carefully distinguished between consent decrees, which are enforceable through the supervising court's exercise of its contempt powers, and private settlements, enforceable only through a new action for breach of contract. *See* [*Benjamin v. Jacobson*, 172 F.3d 144, 157 (2d Cir.) (en banc), *cert. denied*, 528 U.S. 824 (1999)]. In addition, our sister circuit pointed out that the PLRA defines a consent decree as relief "entered by the court," 18 U.S.C. § 3626(g)(1), whereas the PLRA defines a private settlement agreement as relief that is "not subject to judicial enforcement," *id.* § 3626(g)(6), and thus not subject to the court's contempt power. *See Benjamin*, 172 F.3d at 157. Accordingly, "it appears that Congress sought to make the Act's concepts of consent decrees and private settlements mutually

3

> exclusive." *Id.* at 157. Indeed, the PLRA specifies that inmates may seek state law remedies "in [s]tate court," 18 U.S.C. § 3626(c)(2)(B), for breach of a private settlement agreement, but the PLRA does not contain any language that even hints that federal consent decrees can be enforced in state court as private settlement agreements. *See Benjamin*, 172 F.3d at 158. . . .
>
> We entirely agree with the Second Circuit's reasoning and adopt it as our own.

*Hazen ex rel. LeGear v. Reagen*, 208 F.3d 697, 699 (8th Cir. 2000). In *Benjamin*, the Second Circuit further noted that "the statutory terms distinguishing between consent decrees and private settlement agreements" show that "Congress intended to free governments from judicial constraints not based on need-narrowness-intrusiveness findings, but not to relieve them of their private contractual obligations-however broad-that are not judicially ordered." *Benjamin*, 172 F.3d at 156.

The Eighth Circuit has more recently and definitively held that a "district court's approval of the settlement agreement does not, by itself, create a consent decree." *Christina A. v. Bloomberg*, 315 F.3d 990, 993 (8th Cir. 2003);[2] *see also Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health and Human Res.*, 532 U.S. 598, 604 n. 7 (2001) ("Private settlements do not entail the judicial approval and oversight involved in consent decrees. And federal jurisdiction to enforce a private contractual settlement will often be lacking unless the terms of the agreement are incorporated into the order of dismissal.") Further, where "no specific enumerated contract terms [are] incorporated into the court's order," and where a court does nothing more than "retain jurisdiction to enforce" it, a settlement

---

[2]The question arose in *Christina A.* in a different context–determining whether the plaintiffs were a "prevailing party" under the PLRA for purposes of awarding attorneys fees. *Christina A.*, 315 F.3d at 992-94. However, the court in *Christina A.* applied the PLRA and cited the definitions set forth in 18 U.S.C. § 3626 and the *Hazen* opinion as support for its findings.

4

agreement does not become a consent decree. *Christina A.*, 315 F.3d at 993-94.

Here, the defendants filed a Motion to Terminate Consent Decree and Dismiss Case. (Filing No. 31.) However, the defendants do not acknowledge or discuss the fact that, in this case, there is no "consent decree." Rather, the parties entered into a Settlement Agreement which dismissed this matter in 1989. (Filing No. 23.) The Settlement Agreement does not depend on court approval, does not provide for this court to retain jurisdiction for the enforcement of its terms, and does not require or provide for any ongoing court involvement or monitoring to ensure that the parties comply with it. (*Id.*) After the parties entered into the Settlement Agreement, they filed a Joint Motion for Approval of Settlement Agreement. (Filing No. 22.) That Motion simply requested "an order approving the Settlement Agreement entered in this matter." (*Id.*) I thereafter entered an Order, stating in its entirety, "[p]ursuant to a joint motion of the parties, the settlement agreement entered into by the plaintiffs and defendants is hereby approved and the case is dismissed, each party to bear his own costs." (Filing No. 24.) Thus, like the Settlement Agreement itself, the Order approving it and dismissing this matter does not retain jurisdiction to enforce the terms of the Settlement Agreement or otherwise set forth any ongoing court involvement or monitoring to ensure that the parties comply with the Settlement Agreement. (*Id.*)

I recognize that it is conceivable that a document bearing the title "Settlement Agreement" could be construed as a "consent decree" and terminated in accordance with 18 U.S.C. § 3626.[3] However, there is nothing in the record showing that the Settlement Agreement in this case is anything other than a "private settlement," which

---

[3]Indeed, the Eighth Circuit has, on at least one occasion, construed a "judicially approved mediated settlement agreement" as a consent decree and terminated it under 18 U.S.C. § 3626. *Jones v. Mabry*, No. 99-1396, 1999 WL 1204569, *1 (8th Cir. Dec. 6, 1999). However, the court did not discuss its reasons for doing so.

5

is exempted from 18 U.S.C. § 3626. Importantly, the defendants do not devote a single sentence to this issue and have not submitted any argument or evidence showing that the Settlement Agreement is actually a "consent decree" under the PLRA. As such, the defendants' Motions to Terminate Consent Decree and Dismiss Case (filing no. 31) are denied.

## II. *Plaintiff's Motion for Temporary Restraining Order and Motion for Discovery*

In his Motion for Temporary Restraining Order (filing no. 26) and brief in support (filing no. 28), Rayes requests that the court enforce the Settlement Agreement and require the defendants to comply with its terms by allowing him to have "forty first class postage stamps." (Filing No. 26 at CM/ECF p. 1.) However, "district courts do not have inherent power, that is, automatic ancillary jurisdiction, to enforce an agreement settling federal litigation." *Miener v. Missouri Dep't of Mental Health*, 62 F.3d 1126, 1127 (8th Cir. 1995)*; see also Hayden & Assocs., Inc. v. ATY Bldg. Sys., Inc.*, 289 F.3d 530, 531 (8th Cir. 2002) ("[E]nforcement of a settlement agreement by the court with jurisdiction over the underlying dispute [is] appropriate only where the agreement 'had been made part of the order of dismissal ....'") (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994)). Moreover, "mere mention of a settlement does not incorporate a settlement agreement into a court order." *Hayden*, 289 F.3d at 532 (citing *Miener*, 62 F.3d at 1127-28). As set forth in *Miener*:

> Here, the obligation to comply with the settlement agreement's terms was not made a part of the dismissal order. First, the district court's dismissal order does not retain jurisdiction, either directly or indirectly. Second, the dismissal order does not incorporate the settlement agreement. . . . A dismissal order's mere reference to the fact of settlement does not incorporate the settlement agreement in the dismissal order. . . .

6

> Rather than relying on the dismissal order as a source of jurisdiction, the parties rely on the district court's grant of their motion to approve the settlement. The parties argue the district court's approval made the settlement agreement an order of the court, and thus, the district court had jurisdiction because violation of the agreement also violated a court order. We do not believe the district court's approval of the settlement agreement is sufficient to confer ancillary jurisdiction under *Kokkonen*. Although the settlement agreement was recited on the record before the district judge in *Kokkonen*, the Supreme Court noted, "The judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of [the judge's dismissal] order."

*Miener*, 62 F.3d at 1127-28 (citations omitted).

Here, Richard Rayes requests that I enforce the parties' Settlement Agreement by requiring the defendants to provide him with "forty first class postage stamps." (Filing No. 26 at CM/ECF p. 1.) As set forth above, the parties in this matter reached a Settlement Agreement, sought approval from the court of that Settlement Agreement, and jointly and voluntarily sought dismissal of this matter. I thereafter entered an Order, stating in its entirety, "[p]ursuant to a joint motion of the parties, the settlement agreement entered into by the plaintiffs and defendants is hereby approved and the case is dismissed, each party to bear his own costs." (Filing No. 24.) Nowhere in the parties' Settlement Agreement, or in my Order approving the Settlement Agreement, did I directly or indirectly retain jurisdiction to enforce the Settlement Agreement. (*Id.*; *see also* Filing No. 23.) Further, the terms of the Settlement Agreement are not incorporated into my dismissal Order. (Filing No. 24.) In addition, Rayes' pending motions and his brief in support do not cite to any federal constitutional right or any other independent basis for federal jurisdiction of his motions.[4] In light of this, the court lacks jurisdiction to enforce the Settlement

---

[4]In his brief in support, Rayes makes numerous complaints unrelated to the Complaint in this matter. For instance, Rayes makes requests relating to his medical

7

Agreement. As such, Plaintiff's pending Motions are denied without prejudice to reassertion in an appropriate forum.[5]

IT IS THEREFORE ORDERED that:

1. The defendants' Motions to Terminate Consent Decree and Dismiss Case (filing no. 31) are denied.

2. Plaintiff Richard Rayes' Motion for Temporary Restraining Order (filing no. 26) and Motion for Discovery (filing no. 27) are denied without prejudice to reassertion in the proper forum. The defendants' Objection to Motion for Discovery (filing no. 34) is granted.

3. Plaintiff Richard Rayes' Motion for Leave to Submit Exhibits (filing no. 38) is granted to the extent that the court has accepted these documents for filing. To the extent it seeks any other relief, the motion is denied.

4. The clerk of the court is directed to return all exhibits maintained in the

---

care while incarcerated in segregation, claims that Defendants took several categories of property from him (including his wallet, envelopes, and several hard-bound books) and requests their return, requests a certain type of ball-point pen and carbon paper, complains about the loss of his good time, and claims that he is being denied access to legal papers for a separate matter pending in California. (Filing No. 28.) While these may be related to violations of federal constitutional rights, they are completely unrelated to enforcement of the Settlement Agreement. Indeed, it appears that Rayes may be attempting to avoid bringing a separate action based on these claims because a separate action would require the payment of the full $350.00 filing fee. I will not permit Rayes to use this matter to bring new claims and circumvent the requirement of the PLRA.

[5]For example, Rayes may elect to pursue enforcement of the Settlement Agreement in a breach of contract action in state court. *Miener*, 62 F.3d 1126, 1128.

clerk's office to Plaintiff Richard Rayes.

DATED this 15th day of March, 2011.

BY THE COURT:

s/ Warren K. Urbom
United States Senior District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.